DeVORE, J.
*83 *627 Petitioners seek review of a referee's decision affirming a city's denial of their application for an expedited land division (ELD) and remanding the matter to be processed as a land use decision or limited land use decision. See ORS 197.375 (setting forth the ELD process of review before a referee and authorizing judicial review of the referee's decision). In their first two assignments of error, petitioners argue that the referee exceeded his powers. In their third assignment, petitioners assert that the referee's decision is unconstitutional under the Takings Clause of the Fifth Amendment to the United States Constitution.[1] We reject each of those arguments and, therefore, affirm.
The relevant facts, which we take from the referee's order, are undisputed. Petitioners filed an application with the Community Development Department of the City of Talent seeking ELD approval to create 49 lots for single-family development from an existing 26.58 acre parcel. The application proposed an ELD pursuant to ORS 197.360, which would require quicker processing under ORS 197.365. The city determined that the application was ineligible for ELD review, primarily because it failed to meet street and other right-of-way requirements. It noted that the access issues required resolution prior to the subdivision's approval, but set no specific requirements on how that would be accomplished. The request for ELD review was denied.
Petitioners appealed the city's decision to a referee appointed to hear and decide ELD appeals in accordance with ORS 197.375. The referee denied petitioners' appeal, ruling that the application did not qualify for ELD review. The referee remanded the subdivision application to the city for consideration through ordinary proceedings for a land use decision or limited land use decision.
Petitioners seek judicial review of the referee's final order, raising three assignments of error. First, they *628 challenge the referee's statutory analysis in determining that the proposed development was not within an "area subject to an acknowledged refinement plan" under ORS 197.200, which, had the referee found otherwise, would have permitted ELD review. Second, petitioners contend that the standards upon which the referee relied in applying ORS 197.360 in remanding the application to the city violated other applicable statutes. Finally, petitioners assert that the referee erred in rejecting their argument that the city had imposed conditions amounting to an unconstitutional taking.
Our scope of review in this proceeding is unusually narrow, as circumscribed by ORS 197.375(8). That statute authorizes this court to review a referee's ELD decision, but we can reverse or remand only if we find one of the circumstances listed:
"(a) That the decision does not concern an expedited land division as described in ORS 197.360 and the appellant raised this issue in proceedings before the referee;
"(b) That there is a basis to vacate the decision as described in ORS 36.705 (1)(a) to (d) , or a basis for modification or correction of an award as described in ORS 36.710 ; or
"(c) That the decision is unconstitutional."
ORS 197.375(8) (emphasis added).
Paragraph (b) cross-references ORS 36.705(1), a provision of the Uniform Arbitration *84 Act that grants courts authority to vacate arbitrator awards in specified circumstances. ORS 36.705(1) provides, in relevant part:
"Upon petition to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
"(a) The award was procured by corruption, fraud or other undue means;
"(b) There was:
"(A) Evident partiality by an arbitrator appointed as a neutral arbitrator;
"(B) Corruption by an arbitrator; or *629 "(C) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
"(c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy or otherwise conducted the hearing contrary to ORS 36.665 so as to prejudice substantially the rights of a party to the arbitration proceeding;
"(d) An arbitrator exceeded the arbitrator's powers[.] "
(Emphasis added.)
We have explained that "the grounds for obtaining the vacation of an [arbitration] award are extremely narrow in comparison with the scope of review available to litigants in court." Vasquez-Lopez v. Beneficial Oregon, Inc. , 210 Or. App. 553, 568, 152 P.3d 940 (2007). Courts can vacate arbitrator awards only under very limited circumstances, including when an "arbitrator exceeded the arbitrator's powers." ORS 36.705(1)(d). Whether an arbitrator exceeds the arbitrator's powers is a question of law. Couch Investments, LLC v. Peverieri, 270 Or. App. 233, 239, 346 P.3d 1299 (2015), aff'd , 359 Or. 125, 371 P.3d 1202 (2016) (applying the standard of review for determining whether an arbitrator exceeded the arbitrator's powers from former ORS 36.355 (1997), repealed by Or. Laws 2003, ch. 598, § 57, to ORS 36.705 ).
When a statute empowers an arbitrator to decide a legal issue, "[t]he arbitrator acts within the bounds of his authority not only when he decides [that] question of law correctly according to judicial standards, but also when he applies the law in a manner which a court would regard as erroneous. * * * Neither a mistake of fact or law vitiates the award." Brewer v. Allstate Insurance Co. , 248 Or. 558, 561-62, 436 P.2d 547 (1968) (citation and internal quotation marks omitted). By incorporating that same standard, ORS 197.375(8) does not permit us to reverse a referee's order simply because the decision was predicated on an error of law; rather, the error must relate to the referee's authority .
In petitioners' first two assignments of error, they urge the court to vacate the referee's decision on the ground that he engaged in an improper statutory analysis resulting *630 in a conclusion that failed to reflect favorable evidence. Petitioners also assert that the referee applied standards that ran afoul of other statutes and "exceeded his powers and resulted in error." Neither of those arguments demonstrates that the referee committed an error of law that caused him to act outside of his statutory powers.[2]
The text of ORS 197.375 itself outlines the legal questions under the referee's purview. That law authorizes a referee to decide appeals of ELD applications based on allegations
"(A) Of violation of the substantive provisions of the applicable land use regulations;
"(B) Of unconstitutionality of the decision;
"(C) That the application is not eligible for review under ORS 197.360 to 197.380 and should be reviewed as a land use decision or limited land use decision; or *85 "(D) That the parties' substantive rights have been substantially prejudiced by an error in procedure by the local government."
ORS 197.375(1)(c) ; see also ORS 197.375(2) (requiring the appointment of a referee to decide such appeals). The statute places only a few restrictions on this authority, none of which are alleged to apply here.[3]
Based on the plain text of ORS 197.375, we conclude that the referee did not exceed his powers. He had broad discretion to construe the substantive provisions of land use regulations, to determine eligibility for ELD review, and to remand for land use decision or limited land use decision *631 proceedings. The challenged analyses of ORS chapter 197-even if erroneous-fell squarely within the parameters of the referee's statutorily defined powers. Indeed, petitioners do not allege that the referee examined matters beyond the statute's scope. Under our limited standard of review, we do not scrutinize the substance of those analyses. We therefore reject petitioners' first and second assignments of error, because petitioners have not demonstrated that the referee exceeded his powers.
In petitioners' third assignment of error, they posit another theory for vacating the referee's decision under ORS 197.375(8)(c), arguing that the decision was unconstitutional. They assert that the city's initial decision sought to impose offsite improvements that are unconstitutional exactions and that "[t]he Referee erred when he concluded that the City did not impose any conditions on the Applicant that amounted to an unconstitutional taking."
The predicate for that assignment of error-that the referee determined any constitutional issues with finality-is mistaken. The referee rejected petitioners' arguments but explained that "any constitutional issues are now moot, because the City Decision is no longer in place as a final decision of the City, and the Application is being remanded by this Final Decision and Order to the City for processing as a land use decision or limited land use decision pursuant to ORS 197.375(4)(a)." In other words, the import of the referee's decision is that any constitutional issues remain to be litigated when the matter is processed as a land use decision or limited land use decision rather than through the ELD process. Consequently, we reject petitioners' third assignment of error.
In the end, we conclude that the referee acted within his authority in affirming the city's denial of ELD review and remanding petitioners' application for processing as a land use decision or limited land use decision, and we conclude that any constitutional challenges regarding conditions of approval remain to be decided through that process.
Affirmed.

The Fifth Amendment to the United States Constitution provides, in part: "No person shall be * * * deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." This provision has been incorporated into the Due Process Clause of the Fourteenth Amendment and is binding on the states. Palazzolo v. Rhode Island , 533 U.S. 606, 617, 121 S.Ct. 2448, 150 L.Ed.2d 592 (2001) (citation omitted).

Petitioners also suggest that the referee "refus[ed] to consider material evidence," which would constitute separate grounds for reversal under ORS 167.375(b) and ORS 36.705(1). However, we understand this argument to be, again, fundamentally about the referee's choice and application of legal standards. Petitioners challenge the referee's reliance on, and then subsequent interpretation of ORS 197.200(1) to (2), arguing these errors amounted to a "collateral attack" on their evidence. Thus, petitioners' evidentiary argument turns on our rejection of the referee's statutory analysis, which, as we discuss, is beyond our scope of review.

The referee may not remand the application for reasons other than those set forth in ORS 197.375(4). ORS 197.375(4)(b). The same paragraph also prohibits the referee from reducing the density of the land division application. Other paragraphs provide procedural requirements that the referee must follow. ORS 197.375(3) - (6).