Argued and submitted June 29, affirmed July 28, 2021

3000 INVESTMENT CORP.,
*Plaintiff-Respondent,*

*v.*

Heather A. TEED,
individually and as
Personal Representative for Ronald L. Teed,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CV31052; A172996

494 P3d 378

Kathleen M. Dailey, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Megan K. Houlihan argued the cause for respondent. On the brief were Steve D. Larson and Stoll Stoll Berne Lokting & Shlachter P.C.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals a judgment confirming an arbitration award in plaintiff's favor. She contends that the trial court erred in concluding that the arbitrator did not "exceed[] the arbitrator's powers" within the meaning of ORS 36.705(1)(d) in concluding that (1) the parties' agreement required defendant to perform certain work as part of the agreed-upon "stabilization work" to protect plaintiff's easement on defendant's land; and (2) a provision providing for a "monthly incentive fee" for delay in completion of the "stabilization work" was not void as against public policy. On review for legal error, *Nieto v. City of Talent*, 295 Or App 625, 629, 436 P3d 82 (2019), we affirm.

As we have explained, when an arbitrator is empowered to decide a legal issue, the arbitrator acts within the arbitrator's powers by deciding the issue, even if the arbitrator decides it in a way a reviewing court thinks is incorrect:

> "'[T]he arbitrator acts within the bounds of his authority not only when he decides [that] question of law correctly according to judicial standards, but also when he applies the law in a manner which a court would regard as erroneous. \*\*\* Neither a mistake of fact or law vitiates the award.' *Brewer v. Allstate Insurance Co.*, 248 Or 558, 561-62, 436 P2d 547 (1968) (citation and internal quotation marks omitted). [That standard] does not permit us to reverse [an arbitrator's] order simply because the decision was predicated on an error of law; rather, the error must relate to the [arbitrator's] *authority*."

*Nieto*, 295 Or App at 629 (emphasis, omission, and second brackets in original). Although certain legal or factual errors can be so egregious so as to be said to "exceed[] the arbitrator's powers," it is only those "so grossly erroneous as to strike at the heart of the decision-making process." *Brewer*, 248 Or at 562-63; *see also Native Sun v. L & H Development, Inc.*, 149 Or App 623, 629, 944 P2d 995 (1997), *rev den*, 327 Or 82 (1998) (explaining and applying *Brewer* standard). Pertinent to this case, we frequently have held that alleged errors by an arbitrator in interpreting and applying the provisions of a contract do not constitute the sort of "gross error" that would permit a court to set aside an arbitrator's

decision. *Native Sun*, 149 Or App at 629-30 (cataloging cases and concluding an arbitrator's error in contract interpretation did not establish that an arbitrator had exceeded his power).

Here, defendant contends both that the arbitrator exceeded his authority by interpreting the parties' agreement to include work related to the stairs, path, and planting and also by failing to declare the parties' agreed-upon incentive award provision as void as against public policy. But nothing that defendant points to in either the facts or the law allows for the conclusion that the arbitrator's decision, even if erroneous, is so erroneous that it "strike[s] at the heart of the decision-making process." On the contrary, the arbitrator's written order reflects a considered judgment based on identified facts and law. As a result, the deferential standard of review applicable to arbitration awards does not permit us to displace it.

Affirmed.