Argued and submitted April 20, 2021, affirmed February 16, 2022

Scott A. McKEOWN,
*Petitioner-Respondent,*

*v.*

Laurie G. McKEOWN,
*Respondent-Appellant,*
*and*

Rosalyn McKEOWN-ICE et al.,
*Respondents below.*

Multnomah County Circuit Court
18CV13348; A168800

505 P3d 455

Laurie McKeown appeals from a general judgment for Scott McKeown confirming an arbitration award that, in part, determined that Laurie is no longer a general partner in the McKeown Family Limited Partnership. Laurie assigns error to the trial court's order denying her motion to vacate the arbitration award. She contends that the arbitrator exceeded her powers, within the meaning of ORS 36.705(1)(d), by failing to conduct a required prehearing telephone conference following Scott's cross-motion for summary determination. *Held*: Given the broad arbitration clause in the partnership agreement, the arbitrator had the power to make the arbitration award. Further, Laurie's assertion of a procedural error on the arbitrator's part in not holding a telephone conference did not implicate the arbitrator's authority to render an arbitration decision and was therefore not reviewable nor grounds to vacate the award under ORS 36.705(1)(d).

Affirmed.

Gregory F. Silver, Judge.

Julie A. Smith argued the cause for appellant. On the briefs were Wendy M. Margolis and Cosgrave Vergeer Kester LLP.

Robert J. McGaughey argued the cause for respondent. Also on the brief was McGaughey & Erickson.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.*

_____

* Lagesen, C. J., *vice* DeHoog, J. pro tempore.

DeVORE, S. J.

Affirmed.

**DeVORE, S. J.**

Laurie McKeown appeals from a general judgment for petitioner Scott McKeown confirming an arbitration award that, in part, determined that Laurie is no longer a general partner in the McKeown Family Limited Partnership.[1] Laurie assigns error to the trial court's order denying her motion to vacate the arbitration award. She contends that the arbitrator exceeded her powers when granting Scott's cross-motion for summary determination.[2] She argues that the arbitrator lacked authority because the arbitrator purportedly failed to comply with arbitration rules that required the arbitrator to have conferred by telephone with the parties on the suitability of Scott's cross-motion for summary determination before going on to receive arguments, hold a hearing, and decide the issues presented. Rejecting the same argument and others, the trial court concluded that the arbitrator had not exceeded her powers. We agree with the trial court's conclusion, and we affirm.

The dispositive facts are procedural and undisputed. In 1994, the parties' mother created the McKeown Family Limited Partnership to manage real estate investments. Scott McKeown, Laurie McKeown, and Rosalyn McKeown-Ice are siblings and were general partners in the partnership. Scott undertook the primary responsibility of managing partnership assets. In 2016, Scott filed a complaint in circuit court against Laurie, Rosalyn, and the McKeown Family Limited Partnership, alleging that the partnership agreement had been modified by conduct, alleging that Laurie had failed to fulfill her duties as a general partner, and seeking declaratory relief that Laurie should no longer be a general partner in the partnership.

The partnership agreement contained a general arbitration clause, providing:

"Unless otherwise provided herein, any dispute, claim or controversy arising out of or relating to this agreement shall, upon the request of any party involved, be submitted

---

[1] Like the parties do, we refer to them by their first name for convenience.

[2] ORS 36.705(1)(d) provides that, upon a petition, the court shall vacate an award made in an arbitration proceeding if "[a]n arbitrator exceeded the arbitrator's powers."

to and settled by arbitration in accordance with the commercial rules of the American Arbitration Association * * *. The decision made pursuant to such arbitration shall be binding and conclusive on all parties involved[.]"

Based on that clause, the court ordered that the matter be arbitrated.

In arbitration, Scott filed a claim for dissolution of the partnership or, in the alternative, a declaration that Laurie was no longer a general partner by reason of waiver, abandonment, or estoppel. Laurie filed a motion for summary disposition under ORS 36.665(2) and Rule 16 of the Rules of the Arbitration Services of Portland (ASP).[3] We note that ORS 36.665(2) provides:

"An arbitrator may decide a request for summary disposition of a claim or particular issue:

"(a)   If all interested parties agree; or

"(b)   Upon request of one party to the arbitration proceeding, if that party gives notice to all other parties to the proceeding and the other parties have a reasonable opportunity to respond."

ASP Rule 16, which incorporates ORS 36.665(2), provides, in relevant part:

"An arbitrator, or panel of arbitrators, may allow a request for the summary disposition of a claim or a particular issue:

"a.   If all interested parties agree; or

"b.   Upon a ruling by the arbitrator(s) to decide the claim or issue in a summary manner.

"If all interested parties have not agreed to a summary disposition, the requesting party shall file the request with the arbitrator(s) and serve it upon all interested parties. The request shall state whether the entire claim should be decided in a summary manner or set forth one or more specific issues that should be so decided. The request shall also explain why the matter should be decided in a summary

---

[3] As requested, we take judicial notice of the ASP Rules. The ASP rules can be found at https://www.arbserve.com/pages/procedural_rules_14.htm#16 (accessed Jan 19, 2022).

manner and the request shall include a summary of the
dispositive facts and the controlling law.

"* * * * *

"The requesting party shall arrange a telephone con-
ference among the affected parties (or their attorneys) and
the arbitrator(s) during which the parties can argue their
position on whether or not the matter should be decided in
a summary fashion. Prior to the telephone conference, a
party opposing the request may file with the arbitrator(s)
an opposition statement (with or without supporting docu-
ments) and serve it on the requesting party and all other
interested parties or their attorneys.

"The arbitrator(s) must then rule on whether it is appro-
priate to hold a summary disposition hearing, and in mak-
ing that decision the arbitrator(s) shall assess and balance
the customary bifurcation versus single hearing factors
and shall also consider the apparent merits of any party's
position based upon any statement, affidavits or briefs filed
by the parties or at oral argument. A ruling by the arbitra-
tor(s) on the appropriateness of a summary resolution shall
be determined after a telephone conference call involving
the arbitrator(s) and all parties desiring to be heard, which
conference call shall be arranged by the requesting party.
The ruling shall be documented by a letter to the parties
(copy to ASP)."

In her motion for summary determination, Laurie argued,
first, that, even if Scott's factual allegations were taken as
true, she could not lose her status as a general partner as a
matter of law, and, second, that only a circuit court, and not
an arbitrator, could dissolve a partnership.

Pursuant to ASP Rule 16, the parties conferred
by telephone on the suitability of Laurie's motion for sum-
mary determination. All agreed. Scott indicated that his
claims should also be decided by summary determination.
Thereafter, Scott filed a cross-motion for summary deter-
mination. No additional telephone conference was held on
the suitability of Scott's motion for summary determination.
His motion urged denial of Laurie's motion and for "sum-
mary findings on undisputed issues of facts" determining
that Laurie's conduct over 20 years had waived her right to
participate as a general partner and that, due to "extreme

partner dissention," the partnership should be dissolved. In support of his motion, he filed a declaration recounting, from his view, his struggles with Laurie's refusals to cooperate or participate in the business.

In response, Laurie, joined by Rosalyn (hereafter the sisters), filed a response memorandum opposing Scott's cross-motion. The sisters disputed, as a matter of law, any basis to dissolve the partnership, and they disputed Scott's claim of waiver, abandonment, or estoppel as to Laurie's rights as a general partner. They did not, however, proffer any specific factual evidence to contravene Scott's declaration. They did not argue that the cross-motion was not properly the subject of summary determination due to a dispute of fact. And, they did not object that Scott or the arbitrator had failed to arrange for a teleconference pursuant to ASP Rule 16 to discuss the suitability of Scott's motion for summary determination.

The arbitrator rendered a decision on the cross-motions. She first found that the sisters had agreed that summary determination was appropriate "as there are no disputed issues of fact." *See* ORS 36.665(2)(a) (summary determination where parties agree); ASP 16(a) (same). Next, the arbitrator determined that the partnership's arbitration clause was broad, allowing consideration of the claim of dissolution of the partnership but concluded that Scott had not proved that it was no longer practicable to carry on the partnership and so he had not proved a sufficient basis to justify dissolution. Finally, the arbitrator determined that Laurie had failed to act in good faith and fair dealing in communicating and cooperating with other partners for 21 years despite substantial effort from Scott to persuade her to do so. Therefore, the arbitrator concluded that Laurie's conduct constituted an unequivocal waiver of the requirement for changes in the partnership agreement to be written and a waiver of her status as a general partner. The decision denied dissolution but declared Laurie to no longer be a general partner.

The sisters filed a motion asking the arbitrator to reconsider the decision. They argued that the arbitrator

"exceed[ed] the requested *motions*," but did not argue that the arbitrator exceeded her *powers*. (Emphasis added.) They argued that the parties had not briefed the concept of good faith and fair dealing, which the arbitrator had employed in construing the partnership agreement and then used to support a conclusion that Laurie had waived her role as general partner. They did not argue that Scott or the arbitrator had failed to conduct a prehearing telephone conference to determine the suitability of Scott's cross-motion for summary determination. They did argue that they were surprised at a decision on the evidence, that they would have offered evidence, and that the matter should be reopened for submission of contrary evidence.

In an order on reconsideration, the arbitrator repeated that the parties had agreed per ASP Rule 16 that all claims were appropriate for summary determination. The arbitrator recited that the filings raised the issues whether Laurie satisfied her fiduciary duties as a partner and whether she had abandoned or waived her status as a general partner. Finally, the arbitrator reiterated that the undisputed evidence that was submitted showed that Laurie's failure to participate in the partnership constituted an abandonment and waiver of her status as a general partner. The arbitrator denied reconsideration.

Scott filed a motion in circuit court to confirm the arbitration award. The sisters filed a motion to vacate the award. They first argued that the arbitrator exceeded her "powers" based on the parties' submissions for summary determination. That is, they argued that "Laurie specifically reserved the right to challenge any and all factual allegations after resolution of the legal questions." They argued that the motions authorized the arbitrator only to decide an issue of law. For the first time in any part of the proceedings to date, Laurie tendered to the circuit court a new declaration with her explanation of her participation in the partnership over the years.

In apparent reliance on that declaration, the sisters argued that the award should be vacated pursuant to ORS 36.705(1)(c) because the arbitrator "refused to consider

evidence that [was] material to the controversy."[4] In argument on the motion to vacate, Laurie conceded that, in the telephone conference with the arbitrator on her motion for summary determination, the parties had agreed that the matter was suitable for summary determination, but Laurie argued that, after Scott filed his cross-motion for summary determination, the arbitrator failed to conduct another telephone hearing about the suitability of summary determination on *his* motion. As a result, she argued, she was surprised by the arbitrator's summary determination and was denied the opportunity to provide contrary evidence.

The circuit court observed that the question—whether the sisters were truly deprived of an opportunity to give evidence—was "one issue." The "other issue" was the arbitrator's alleged failure to comply with ASP Rule 16 with regard to a prehearing telephone conference. As to that issue, the circuit court prompted the sisters to concede that they had failed to raise compliance with ASP Rule 16 before the arbitrator—both in their motion to reconsider and earlier when responding to Scott's cross-motion. The court considered the sister's failure, when seeking the court's review on a motion to vacate, to be "similar" to a party's failure to preserve an issue by raising it in a trial court then seeking appellate review.

After further colloquy, the circuit court determined that the arbitrator did not exceed her powers in this case. The court noted that, at best, Laurie's opening motion for summary determination had a footnote indicating that she did not concede the factual allegations of Scott's arbitration claim and asserted that she "reserved the right" to challenge them. But, the court noted that, when Scott filed his cross-motion based on his view of the facts, Laurie had an opportunity to respond and did respond "in a fair amount of detail," albeit with legal arguments. The court observed that it was "logical for the arbitrator to believe that she knew and

---

[4] In part, ORS 36.705(1)(c) provides that the court shall vacate an award made in the arbitration proceeding if

"[a]n arbitrator *** refused to consider evidence material to the controversy or otherwise conducted the hearing contrary to ORS 36.665 so as to prejudice substantially the rights of a party to the arbitration proceeding[.]"

was proceeding on what the parties had agreed on for her to decide in a summary fashion." The court rejected the sisters' claim that they had been denied the opportunity to respond to Scott's cross-motion with contrary facts. The court concluded that there was no legal basis to vacate the award.

On appeal as noted, Laurie assigns error to the denial of the sisters' motion to vacate the award. She argues that the arbitrator exceeded her powers, within the meaning of ORS 36.705(1)(d), by resolving fact-based issues without the parties' prior agreement or without compliance with ASP Rule 16's requirement for a prehearing telephone conference on Scott's cross-motion. Absent a second telephone conference, and given their footnote's "reservation," she argues that they did not need to have offered facts to contravene Scott's factual account. She does not directly address the circuit court's conclusion that they had an opportunity to contravene Scott's factual allegations when responding to his cross-motion. Instead, she characterizes the circuit court's denial of their motion to vacate as based *solely* on a "preservation of error rationale." That, she says, was an error because ORS 36.705(1)(d), concerning the arbitrator's authority, does not require a party to preserve the error in the underlying arbitration proceeding.

Scott responds that, given the broad arbitration clause of the partnership agreement and the parties' submissions, the arbitrator had authority to resolve the parties' claims. We agree.

As a preliminary matter, we note that, on appeal, Laurie does not pursue the sisters' argument below that the arbitration award should be vacated under ORS 36.705(1)(c), where an arbitrator has refused to consider evidence material to the controversy so as to prejudice substantially the rights of a party. Nor does she dispute the trial court's point that they had an opportunity to present evidence contrary to Scott's narrative at the time he claimed the facts were undisputed and offered his cross-motion for summary determination.[5] Instead, she argues that she did not know to

---

[5] In her reply brief, she argues that, after the arbitration decision, the sisters could not offer belated evidence, because Scott prevailed on his argument to the arbitrator that arbitration rules did not permit such reconsideration.

offer contrary evidence because the arbitrator surprised the sisters by rendering a decision that the arbitrator was not authorized to have done.

Laurie's appeal, asserting that the arbitrator exceeded her powers, turns upon the proper construction of ORS 36.705(1)(d). As noted, that statute provides:

"Upon petition to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:

"* * * * *

"(d) An arbitrator exceeded the arbitrator's powers[.]"

Contrary to Laurie's assumption, a question of the "arbitrator's powers" is not a question like appellate review of a trial court ruling involving rule of trial court procedure. Instead, "[t]he starting point in considering the extent of an arbitrator's powers is whether the parties agreed to arbitrate and, if so, the contours of the dispute that they agreed to arbitrate." *Couch Investments, LLC v. Peverieri*, 359 Or 125, 130, 371 P3d 1202 (2016).

In this case, there is no dispute that the partnership agreement contains an arbitration clause providing that "any dispute, claim, or controversy arising out of or relating to the agreement shall, upon the request of any party involved, be submitted to and settled by arbitration[.]" That clause is not the sort of arbitration clause that is restricted to specific matters. As the circuit court observed, that is a "broad" arbitration clause. Unless the parties otherwise acted to narrow the scope of arbitration, that clause gave the arbitrator authority to resolve the parties' controversy. There is no dispute that Scott's initial complaint in circuit court involved claims that arose out of the partnership and were properly ordered to be arbitrated. And, finally, there is no dispute that, once in arbitration, the sisters initiated summary determination to reject Scott's claims as a matter of law and Scott responded with a cross-motion to accept those claims as valid, based, among other things, on his view of the facts. As the trial court found, those circumstances gave the arbitrator the power to make the arbitration award.

Laurie's argument that the arbitrator exceeded her power by making a summary determination without holding a second prehearing telephone conference under a rule of arbitration procedure is fundamentally mistaken. Her argument presupposes a misunderstanding of an arbitrator's powers as that term is used in ORS 36.705(1)(d). A reflection on the past construction of that statute reveals that misunderstanding.

In *Brewer v. Allstate Insurance. Co.*, 248 Or 558, 561, 436 P2d 547 (1968), the Oregon Supreme Court addressed review of an arbitrator's authority under a former statute, *former* ORS 33.320(4) (1967), which provided that an arbitration award shall be set aside if an arbitrator exceeded the arbitrator's powers. At issue there was an arbitrator's critical determination that a claimant bore the burden of proving that an offending driver was uninsured. The court recognized that arbitrators were vested with the power to decide both the law and the facts submitted to them. *Id.* at 561. Reflecting the court's limited review of the arbitrator's decision, the court stated:

> "The arbitrator acts within the bounds of his authority not only when he decides a question of law correctly according to judicial standards, but also when he applies the law in a manner which a court would regard as erroneous. ＊＊＊ Neither a mistake of fact or law vitiates an award."

*Id.* at 561-62 (internal quotation marks omitted). The *Brewer* court recognized that an arbitrator may erroneously impose the burden of proof upon the wrong party, but errors of that kind are a part of the cost of employing the arbitration method of decision-making. *Id.* at 562. The court explained, "The principal purpose of arbitration is to avoid litigation. If the arbitrator's award is subject to extensive judicial control, this purpose is largely frustrated." *Id.* The court concluded that, although it might seem preferable to impose the burden of proof on the insurer, the arbitrator's determination was "not so grossly erroneous as to strike at the heart of the decision-making process." *Id.* at 563. Thus, the trial court had erred in vacating the arbitration award. *Id.*; *see also 3000 Investment Corp. v. Teed*, 313 Or App 619, 620, 494 P3d 378 (2021) (following *Brewer* standard).

In *Nieto v. City of Talent*, we repeated the explanation that "'the grounds for obtaining the vacation of an [arbitration] award are extremely narrow in comparison with the scope of review available to litigants in court.'" 295 Or App 625, 629, 436 P3d 82 (2019) (quoting *Vasquez-Lopez v. Beneficial Oregon, Inc.*, 210 Or App 553, 568, 152 P3d 940 (2007) (brackets in *Nieto*)). In *Nieto*, involving review of a referee's decision under the standard of ORS 36.705(1), we determined that the court does not review the decision "simply because the decision was predicated on an error of law; rather, the error must relate to the referee's *authority*." *Id.* at 629 (emphasis in original); *see also Portland Firefighters' Assn. v. City of Portland*, 267 Or App 491, 499, 341 P3d 770 (2014) (the court will not second-guess whether the arbitrator is right or wrong on the disputed issues presented in arbitration).

In this case, Laurie's objection that Scott or the arbitrator had failed to initiate a prehearing teleconference on the suitability of Scott's motion for summary determination is, at worst, merely an alleged error of procedure under Laurie's view of ASP Rule 16.[6] That objection is not more than the ordinary, alleged error of fact or law that is not cognizable as a matter of review of the "arbitrator's powers" under ORS 36.705(1)(d). The perceived procedural error in arbitration does not implicate the arbitrator's authority to render an arbitration decision. *See Brewer*, 248 Or at 562-63 (arbitrator's alleged error in allocating burden of proof); *Nieto*, 295 Or App at 629-30 (referee's alleged error in statutory analysis or consideration of evidence). Such an objection "is not reviewable" and is not grounds to vacate an award under ORS 36.705(1)(d). *Brewer*, 248 Or at 562.

Finally, we return to the preliminary observation that Laurie does not challenge on appeal the trial court's

_____

[6] Incidentally, Laurie's objection disregards the prior prehearing teleconference that was conducted on the sisters' motion and Scott's statement that he would offer a cross-motion for summary determination. Laurie's objection disregards the arbitrator's role in interpreting arbitration rules. *See* ASP Rule 38 (ASP rules to be interpreted and applied by the arbitrator) https://www.arbserve.com/pages/procedural_rules_14.htm#38 (accessed Jan 19, 2022). And, her objection disregards the arbitrator's finding that the parties had jointly agreed to summary determination.

finding that the sisters had an opportunity to respond with facts contrary to Scott's cross-motion. Laurie does not assert that the arbitrator refused to consider evidence material to the determination, which had been offered, so as to prejudice substantially her rights. *See* ORS 36.705(1)(c) (refusal of evidence as grounds to vacate). Considering all of that together with the procedural objection raised, we cannot conclude that the arbitration decision was so grossly erroneous as to strike at the heart of the decision-making process. *See Brewer*, 248 Or at 563. Instead, the objection raised on appeal is not of the sort subject to judicial review. *Id.* at 562. (describing "judicial review in the strictest possible limits").

For those reasons, we conclude that the trial court did not err in denying the sisters' motion to vacate or granting Scott's motion to confirm the award.

Affirmed.