178 September 18, 2024 No. 670

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Alicia HAYWARD,
*Plaintiff-Respondent,*

*v.*

HIGH PERFORMANCE HOMES, INC.,
a Washington corporation,
*Defendant-Appellant.*

Washington County Circuit Court
22CV13985, 22CV16097; A179286 (Control), A179289

Theodore E. Sims, Judge.

Argued and submitted October 13, 2023.

Shayna M. Rogers argued the cause for appellant. Also on the briefs was Cosgrave Vergeer Kester LLP.

Robert J. Miller, Sr. argued the cause and filed the brief for respondent.

Before Aoyagi, Presiding Judge, Pagán, Judge, and Jacquot, Judge.

JACQUOT, J.

Reversed.

**JACQUOT, J.**

Defendant, High Performance Homes, Inc. ("HPH"), appeals from a judgment vacating arbitration awards that were granted in its favor in the course of a contract dispute with plaintiff homeowner over residential construction and repair work.[1]

Defendant argues that the trial court exceeded its authority when vacating the arbitration award because it used the wrong legal standard and made its decision based on the merits rather than applying the appropriate deference to the arbitrator's decision. We review the trial court's decision for legal error. *Floor Solutions, LLC v. Johnson*, 322 Or App 417, 419, 520 P3d 902 (2022) ("We review a court's confirmation of an arbitrator's award and whether an arbitrator exceeded its power for legal error."). Having reviewed the record, the briefing, and the relevant legal authorities, we agree that the trial court erred in vacating the arbitration award.

*Legal Standard for Vacating Arbitration Awards.* The parties disagree about the standard that the trial court should have applied when reviewing the arbitration award. Defendant first argues that the trial court exceeded its authority when it failed to apply the correct, highly deferential standard to its review of the arbitral award. *See Brewer v. Allstate Insurance Co.*, 248 Or 558, 562, 436 P2d 547 (1968) ("[W]e favor the view that confines judicial review [of arbitral awards] to the strictest possible limits.").[2] Defendant further contends that, even if the trial court had applied the correct standard, the arbitral award should not have been vitiated on the merits. In response, plaintiff focuses on the arbitral award itself, rather than the standard applied by

_____

[1] Following the arbitration award in favor of defendant, each party initiated a separate circuit court proceeding. Defendant petitioned the court to confirm the arbitration award, and plaintiff petitioned the court to vacate the arbitration award. The court issued separate but functionally identical judgments that have been consolidated for purposes of appeal. Defendant assigns error to both judgments for the same reasons.

[2] Appellant notes that the well-established, high level of deference to arbitral awards is "rooted in [the] public policy" aim of using arbitration as a means to avoid litigation. While both parties assert public-policy-based foundations to their arguments, we do not discuss the policy implications here, choosing instead to focus on the legal error committed by the trial court.

the trial court. She argues that the arbitrator's enforcement of what she claims was a penalty liquidated-damages clause was legally void and against public policy, thus making the trial court's vitiation of the award correct. Plaintiff contends that, even if we conclude that the trial court lacked authority to vacate the arbitration award under ORS 36.520(2)(b)(B), we should affirm on the alternative basis that the arbitration award was grossly erroneous.

When an "arbitrator is empowered to decide a legal issue, the arbitrator acts within the arbitrator's powers by deciding the issue, even if the arbitrator decides it in a way a reviewing court thinks is incorrect." *3000 Investment Corp. v. Teed*, 313 Or App 619, 620, 494 P3d 378 (2021); *see also Native Sun v. L & H Development, Inc.*, 149 Or App 623, 629, 149 P2d 995 (1997), *rev den*, 327 Or 82, 961 P2d 216 (1998) ("A mistake of fact or law *** does not suffice to vitiate" an arbitration award.). *Brewer* and its progeny established that an arbitrator exceeds its powers only when it commits "certain legal or factual errors" that are "so grossly erroneous as to strike at the heart of the decision-making process." *3000 Investment Corp.*, 313 Or App at 620 (applying the *Brewer* standard); *Brewer*, 248 Or at 562-63; *see also Native Sun*, 149 Or App at 629 (further refining the scope of review of an arbitrator's decision under the *Brewer* standard). As in *3000 Investment Corp.*, we find it "[p]ertinent to this case [that] we frequently have held that alleged errors by an arbitrator in interpreting and applying the provisions of a contract do not constitute the sort of gross error" that would permit vitiation of an arbitral award. 313 Or App at 620; *Native Sun*, 149 Or App at 629-30.

As such, defendant argues that the appropriate inquiry was whether the arbitrator's alleged error "in interpreting and applying the provisions of a contract" rose to the level of gross error. *See Brewer*, 248 Or at 563. Defendant further contends that the trial court improperly focused on the language in the original contract between the parties—namely, the alleged penalty clause—that led to the original dispute. We agree with defendant that the trial court committed legal error by acting with discretion it did not possess, choosing to analyze the alleged "penalty clause" in the original contract between the parties instead of making

a determination about the arbitrator's decision under the "grossly erroneous" standard.

*Application of "Grossly Erroneous" Standard.* We conclude that the arbitration award did not meet the "grossly erroneous" standard. Both parties acknowledge that the original dispute was subject to arbitration, as governed by the terms of their contract. Thus, the arbitrator in this case was duly "empowered" and any vitiation of an arbitration award must be based on more than a mistake of fact or law—or the opinion of the trial court. *3000 Investment Corp.*, 313 Or App at 620. An error of law by the arbitrator—if that is indeed what occurred—does not on its own invalidate the arbitration award. Instead, vitiation of an award as occurred in this case requires a much more flagrantly erroneous display of arbitral authority.

It is well established that in order to be subject to judicial review, an arbitration award must be "so grossly erroneous as to strike at the heart of the decision-making process." *Brewer*, 248 Or App at 563. Although the "grossly erroneous" standard has consistently evaded concrete definition, courts have "taken a fairly broad view of what is *not* a ground for reversal." *Native Sun*, 149 Or App at 629 (emphasis in original); *see also Harold Schnitzer Properties v. Tradewell Group*, 104 Or App 19, 23-25, 799 P2d 180 (1990), *rev den*, 311 Or 150 (1991) (rejecting petitioner's contention that arbitrators exceeded their authority by allowing consequential damages, in addition to compensatory damages); *McKeown v. McKeown*, 317 Or App 616, 628, 505 P3d 455 (2022) (holding that the arbitrator did not exceed her powers even if she committed procedural error).

Here, as in *McKeown*, plaintiff does not "assert that the arbitrator refused to consider evidence material to the determination * * * so as to prejudice substantially her rights." 317 Or App at 628. Further, plaintiff does not allege, nor does the record support, that the award was "procured by corruption, fraud or other undue means" as require by ORS 36.075(1)(a). *Id.* The record reflects that the arbitrator's decision to enforce the no-refund provision in the original contract was based on the difficulty and impracticability of calculating potential costs of cancellation at the time

of contracting. Additionally, the arbitrator stated that the "provision was a fair approximation of anticipated damages, and *** obviate[d] the need to perform complex post hoc calculations of damages for cancelation of the agreements." Further attempts to parse out the arbitrator's underlying rationale in interpreting the contract are neither necessary nor proper. *3000 Investment Corp.*, 313 Or App at 620 ("[W]e frequently have held that alleged errors by an arbitrator in interpreting and applying the provisions of a contract do not constitute the sort of 'gross error' that would permit a court to set aside an arbitrator's decision." (Citing *Native Sun*, 149 Or App at 629-30.)).

The arbitrator gave legitimate reasons for his decision to enforce the liquidated damages clause. His determination that it did not amount to a penalty clause because it was close enough to actual damages to legitimate its inclusion in the contract for ease of calculation may or may not have been erroneous, but it appears to have been made in good faith. Given the similarity between this case and *McKeown*, we conclude that it was not grossly erroneous. Plaintiff's arguments do not persuade us that this case is materially different.

For the reasons outlined by defendant, we conclude that the trial court committed legal error by vacating the arbitration award.

Reversed.