Argued and submitted October 23, 1997, affirmed June 24, petition for review denied November 24, 1998 (328 Or 40)

Vicki SELLER, M.D.,
*Respondent,*

*v.*

SALEM WOMENS CLINIC, INC.,
and Elizabeth Harmon, M.D.,
*Appellants.*

(94C14042; CA A93610)

963 P2d 56

Clayton Patrick argued the cause for appellants. With him on the opening brief was Roger Anunsen.

Kim Hoyt argued the cause for respondent. With her on the brief was Ferder, Brandt, Casebeer, Cooper, Hoyt & French, LLP.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendants Salem Womens Clinic and Elizabeth Harmon, M.D., appeal a judgment entered pursuant to an arbitration award. Defendants argue that the trial court erred in denying their exceptions to the arbitrator's award. ORS 36.355(1). We affirm.

Salem Womens Clinic, Inc., (the Clinic) was started and owned by Vicki Sellers, M.D., and Elizabeth Harmon, M.D., with each owning 50 percent of the corporation. In 1994, due to personal and professional conflicts, it became apparent to both physicians that they could not continue to work together. Soon thereafter, Sellers filed an action seeking dissolution of the corporation and an accounting. In January, the parties agreed to binding arbitration, and the lawsuit was dismissed by mutual consent.

To facilitate the dismissal, the parties, through counsel, executed a stipulated arbitration agreement, which provided, in part:

> "It is hereby stipulated by and between the parties that they will resolve all currently pending disputes pursuant to binding arbitration to be held in Salem, Oregon before a single arbitrator selected by the parties, which disputes include:

> "* * * * *

> "Any controversy, dispute, or claim of whatever nature arising out of, in connection with, or in relation to the determination of the parties' interests in, and the dissolution of, or the value of the Salem Womens Clinic shall be settled by final and binding arbitration conducted at a location determined by the arbitrator * * * administered by and in accordance with the then existing * * * [a]rbitration [r]ules and judgment upon any award rendered by the arbitrator may be entered by any state or federal court having jurisdiction thereof. The parties agree that this case shall be submitted to arbitration for a final determination no later than February 27, 1995."

Subsequently, the parties agreed to an interim agreement on the partial valuation and distribution of various assets of the Clinic and hired Richard Spier to act as arbitrator. The interim agreement provided that "[a]ny dispute regarding the interpretation or enforcement of this agreement will be referred to Richard Spier for binding arbitration."

During the course of the dissolution, both parties submitted various items to Spier for arbitration. Each time, Spier issued an award letter informing the parties of his decision. Each letter contained a clause similar to "I retain jurisdiction to decide any and all matters not specifically determined in this or prior Awards." Toward the end of the proceedings, plaintiff requested arbitration on three issues that defendants asserted had been agreed on before the arbitration agreement and were not matters submitted to the arbitrator to decide. After hearing argument, Spier wrote: "It is thoroughly clear to me that this is an issue within the scope of the arbitration submission." The three issues were decided adversely to defendants' interest. Defendants filed an exception to the arbitrator's award, ORS 36.355(1), along with a motion to vacate or modify the award, with the circuit court, ORS 36.360. The thrust of defendants' argument was that Spier exceeded his authority by ruling on those three issues.

After two hearings, the trial court made the following findings and conclusions:

> "I find that defendant's witnesses are completely credible and that plaintiff was not. Nevertheless I find that defendant is not entitled to set aside any portion of the arbiter's award under ORS 36.355(1)(d).

> "Although I would conclude that the arbitrator was ultimately wrong on the facts, and wrong on the law as to both the agreement of the parties as to the measure and payment of bonuses, and the intent of the parties as to the issues to be submitted for arbitration, and although I would further conclude that the resulting decision is inequitable, nevertheless I am persuaded that under the law the arbitrator's decision must stand.

> "The arbitrator is entitled to decide the extent of his authority in the first instance. *Snow Mountain Pine, Ltd v.*

*Tecton Laminates Corp*, 126 Or App 523, 869 P2d 369 (1994). Even if the arbitrator is legally wrong as to the extent of the authority intended to be vested in him by the parties, his decision will stand provided that it is at least 'arguably' correct."

Defendants appeal, asserting that the trial court should have concluded that the inclusion of those three issues within the arbitration exceeded the scope of the arbitration agreement. Specifically, they argue that the trial court erred when it concluded that, although the arbitrator was wrong and the parties never intended to submit those three issues to arbitration, the court did not have the authority to modify the arbitrator's award. The question is whether the trial court or we have the statutory authority to modify the arbitrator's award under these circumstances.

■■ The general rule of limited judicial review of arbitrators' decisions was explained in *Brewer v. Allstate Insurance Co.*, 248 Or 558, 561-62, 436 P2d 547 (1968):

"The arbitrator acts within the bounds of his authority not only when he decides a question of law correctly according to judicial standards, but also when he applies the law in a manner which a court would regard as erroneous. As we said in *Mahaffy v. Gray*, 242 Or 522, 525, 410 P2d 822 (1966), 'Neither a mistake of fact or law vitiates an award.'

"* * * The principal purpose of arbitration is to avoid litigation. If the arbitrator's award is subject to extensive judicial control, this purpose is largely frustrated. Although there is some disagreement among the courts and legal scholars on the question of the extent to which arbitration awards should be subjected to judicial control, we favor the view that confines judicial review to the strictest possible limits." (Footnotes omitted.)

Additionally, we are bound to construe the arbitration agreement liberally in favor of arbitrability. *See Snow Mountain Pine, Ltd. v. Tecton Laminates Corp.*, 126 Or App 523, 529, 869 P2d 369, *rev den* 319 Or 36 (1994). In that case, we said:

"Under that policy, arbitration is required, unless we can say with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute, and we resolve all doubts in favor of coverage." *Id.* at 529 (citations omitted).

An arbitrator's award is reviewable in limited circumstances. ORS 36.355 provides, in part:

"(1)  Within the period specified in ORS 36.350, the party against whom an award was made may file with the circuit court exceptions in writing to the award for any of the following causes:

"* * * * *

"(d)  The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

"* * * * *

"(f)  The arbitrators awarded upon a matter not submitted to them, unless it was a matter not affecting the merits of the decision upon the matters submitted."

The only issues reviewable in this case are whether the arbitrator either exceeded his power or awarded upon a matter not submitted to him. The extent of an arbitrator's authority is a question of law. *Native Sun v. L & H Development, Inc.,* 149 Or App 623, 627, 944 P2d 995 (1997).

Here, pursuant to the stipulated arbitration agreement, Spier was given the authority to decide "[a]ny controversy, dispute, or claim of whatever nature" arising out of the dissolution. Whether the parties had previously agreed not to submit certain issues is a dispute arising out of the dissolution. Spier's authority encompassed his resolution of that dispute. The policy supporting binding arbitration requires that parties submit to both the risks and the benefits that accompany it. The arbitrator's authority included the authority to decide what issues had been submitted. We may not disturb the award.

Affirmed.