Argued and submitted May 18, 2021, reversed and remanded March 16, 2022

Richard MYHRE,
*Petitioner-Appellant,*

*v.*

Robert POTTER,
*Respondent-Respondent.*

Lane County Circuit Court
19CV07202; A172779

507 P3d 772

Petitioner Myhre appeals from a judgment denying his petition to confirm a contractual arbitration award against respondent Potter because the trial court concluded that the petition was filed after the statute of limitations had expired. Petitioner assigns two errors, arguing first that respondent's objection was made after the 20-day time limit provided by the Uniform Arbitration Act, ORS 36.700(1), and arguing next that the six-year statute of limitations for contract actions in ORS 12.080 did not apply to his petition to confirm an arbitration award. *Held*: First, the 20-day time limit in ORS 36.700(1) is not a shield against certain purely procedural objections to a confirmation proceeding, and the trial court therefore did not err simply because it considered respondent's objection. Second, seeking confirmation of an arbitration award is a special statutory proceeding that does not contain a limitation on the time period within which the petition must be filed and is not subject to the six-year statute of limitations provided in ORS 12.080. The trial court erred in dismissing the petition to confirm petitioner's arbitration award as time barred.

Reversed and remanded.

Charles D. Carlson, Judge.

Ronald L. Sperry, III argued the cause and filed the briefs for appellant.

John C. Fisher argued the cause and filed the brief for respondent.

Before Mooney, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.*

DeVORE, S. J.

Reversed and remanded.

_____

* Pagán, J., *vice* DeHoog, J. pro tempore.

**DeVORE, S. J.**

Petitioner Myhre appeals from a judgment denying his petition to confirm a contractual arbitration award against respondent Potter because the trial court concluded that the petition "was filed after the Statute of Limitations had expired." Petitioner assigns two errors, arguing first that respondent's objection was made too late, after a 20-day time limit on a challenge to confirmation of an arbitration award, and arguing next that the six-year statute of limitations for contract actions did not apply. He argues that a 10-year statute should apply instead. Respondent contends that the trial court did not err, arguing, first, that his limitations argument is not subject to a 20-day time limit and, second, that a six-year statute of limitations does apply. We conclude that no statute of limitations applies to a special statutory proceeding to confirm an arbitration award. We reverse and remand.

## PROCEEDINGS

The dispositive facts are procedural and undisputed. In October 2003, petitioner purchased real property from respondent near Drain, Oregon. The parties' sale agreement contained an arbitration provision requiring that all claims must be submitted to binding arbitration under Oregon law and that "[f]iling for arbitration shall be treated the same as filing in court for purposes of meeting any applicable statutes of limitation ***." After the sale, respondent continued to own property on three sides of petitioner's property. In early 2010, petitioner asserted claims in arbitration, and in July 2010, the arbitrator made an award in favor of petitioner on two of nine claims. The arbitrator directed respondent to specifically perform by making a lot line adjustment at respondent's expense, so as to convey property with a water line; to pay petitioner $6,069.50 for expenses and property loss; and to pay petitioner costs and attorney fees of $8,980. The record does not reflect that respondent had asserted a statute of limitations defense in opposing the merits of petitioner's claims.

In August 2010, petitioner, appearing unrepresented, filed his initial petition to confirm the arbitration award, but, in May 2011, the proceeding was dismissed

for want of prosecution, lacking service on respondent. *See* UTCR 7.020 (91-day rule).

　　In February 2019, petitioner, appearing with counsel, filed a second petition to confirm the arbitration award. The petition was served on respondent February 23, 2019. Forty days later, respondent filed objections asserting that the proposed judgment did not conform to the requirements of ORS 36.600 to 36.740, the Uniform Arbitration Act. Among other things, respondent asserted that Douglas County was the wrong venue and that the petition was time-barred by a statute of limitations. After a hearing, the trial court sustained the venue objection but deferred ruling on other issues, transferring the matter to Lane County Circuit Court.[1]

　　After venue transferred, petitioner and respondent repeated their arguments in writing and in arguments at another hearing. Later, the trial court entered an order, without explanation, denying the petition to confirm the award and, still later, entered a judgment, adding that the court "finds that the Petitioner's Amended Petition to Confirm [the] Arbitration Award is barred because it was filed after the Statute of Limitations had expired." Petitioner appeals.

## LATE OBJECTION?

　　As his first assignment of error, petitioner argues that the trial court erred when it entertained respondent's objections, because they were not filed within 20 days of service of the petition on respondent. Petitioner relies on ORS 36.700(1), which provides:

　　"(1)　After a party to an arbitration proceeding receives notice of an award, the party may make a petition to the court for an order confirming the award. The party filing the petition must serve a copy of the petition on all other parties to the proceedings. The court *shall issue* a confirming order *unless within 20 days after the petition is served on the other parties*:

---

[1] The trial court explained that ORS 36.725 provides that, in these circumstances, the petition should be filed where the arbitration was held and where petitioner had filed the initial petition to confirm the award.

"(a)   A party requests that the arbitrator modify or correct the award under ORS 36.690; or

"(b)   A party petitions the court to vacate, modify or correct the award under ORS 36.705 or 36.710."

(Emphases added.) Petitioner stresses the mandatory language that the court "shall" confirm the arbitration award unless the objecting party files to modify, correct, or vacate the award as provided elsewhere by related statutes. The grounds to vacate an award are described in ORS 36.705, which provides:

"(1)   Upon petition to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:

"(a)   The award was procured by corruption, fraud or other undue means;

"(b)   There was:

"(A)   Evident partiality by an arbitrator appointed as a neutral arbitrator;

"(B)   Corruption by an arbitrator; or

"(C)   Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

"(c)   An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy or otherwise conducted the hearing contrary to ORS 36.665 so as to prejudice substantially the rights of a party to the arbitration proceeding;

"(d)   An arbitrator exceeded the arbitrator's powers;

"(e)   There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising an objection under ORS 36.665 (3) not later than the beginning of the arbitration hearing; or

"(f)   The arbitration was conducted without proper notice of the initiation of an arbitration as required in ORS 36.635 so as to prejudice substantially the rights of a party to the arbitration proceeding."

*See also* ORS 36.710 (grounds for modification or correction of an award). Petitioner concludes that, because respondent's

objections were filed 40 days after receipt of the petition, the court erred by entertaining any objections other than, conceivably, objections to the form of the judgment.

Respondent does not deny that he failed to respond within 20 days of receipt of the petition. Instead, he observes that his objections are not the kind of objections that ORS 36.705 provides as grounds to vacate an arbitration award or for modification of an award under ORS 36.710. Therefore, he argues, ORS 36.700 does not apply to his objections to venue or, by extension, to the lapse of the statute of limitations. In his view, ORS 36.700 only applies to what he terms "substantive" objections that could have been raised in arbitration and does not apply to "procedural" objections like venue, lack of jurisdiction, or, arguably by extension, the lapse of a statute of limitations on seeking a judgment to confirm an arbitration award.

We review for legal error the trial court's refusal to confirm the arbitration award, based on an assertion of a lapse of a statute of limitations. *Couch Investments, LLC v. Peverieri*, 270 Or App 233, 239, 346 P3d 1299 (2015), *aff'd*, 359 Or 125, 371 P3d 1202 (2016).

We credit respondent's initial proposition that a problem of venue is not identified as grounds to vacate an award under ORS 36.705, nor grounds to modify an award under ORS 36.710; and yet, venue *could* become, as here, a procedural objection to the locale for a proceeding to confirm an award. The Uniform Arbitration Act does include a venue provision, ORS 36.725,[2] and mentions no time limit on interposing a venue objection.[3]

---

[2] ORS 36.725 provides:

"A petition pursuant to ORS 36.615 must be made in the court for the county in which the agreement to arbitrate specifies the arbitration hearing is to be held or, if the hearing has been held, in the court for the county in which it was held. Otherwise, the petition may be made in the court for any county in which an adverse party resides or has a place of business or, if no adverse party has a residence or place of business in this state, in the court of any county in this state. All subsequent petitions must be made in the court hearing the initial petition unless the court otherwise directs."

[3] Presumably, the limitations of time and process to question venue would be provided by general statutes for objections about venue. *See* ORS 14.110 (grounds); ORS 14.120 (time of motion).

Similarly, respondent compares an objection based on lack of personal jurisdiction. Again, the issue relates to text in the Uniform Arbitration Act. In relevant part, ORS 36.615 specifies:

> "(2)  Unless a civil action involving the agreement to arbitrate is pending, notice of a first petition to the court under ORS 36.600 to 36.740 must be served in the manner provided by ORCP 7 D."

A failure of personal jurisdiction in a proceeding to confirm an arbitration award is not listed in ORS 36.705 or ORS 36.710, because, of course, a jurisdictional failure does not concern the grounds provided for vacating or modifying the arbitration award itself. Given the requirements of personal jurisdiction over the parties, an objection that respondent had not been duly served with the petition *could* be asserted despite the 20-day time limit in ORS 36.700. *See generally Wallace v. Holden*, 297 Or App 824, 830-31, 445 P3d 914 (2019) (regarding the need for personal jurisdiction in a proceeding).

Therefore, we acknowledge that the 20-day time limitation on interposing an objection to vacate or modify an arbitration award under ORS 36.705 and ORS 36.710 is not a shield against certain purely procedural objections to the confirmation proceeding, like venue or personal jurisdiction. For that reason, we cannot conclude, as petitioner urges, that the trial court erred simply because, in contravention of ORS 36.700(1), it considered respondent's objection—one based on the asserted lapse of a statute of limitations—which was filed more than 20 days after service of the petition.[4]

## LATE PROCEEDING?

In his second assignment, petitioner contends that the trial court erred in determining that a petition to confirm the arbitration award was subject to a six-year statute

---

[4] Although petitioner argues that all objections are subject to the 20-day time limit in ORS 36.700(1), petitioner does not assert or develop a further argument that a defense, founded in the statute of limitations, is foreclosed because it is effectively a reason for vacation of the arbitration award, and it is not included in the grounds to vacate an award in ORS 36.705. Accordingly, we do not consider that issue here.

of limitations. Both parties agree that the Uniform Arbitration Act, ORS 36.600 to 36.740, does not contain a statute of limitations. But they reach different conclusions about what limitation period should apply.

Respondent assumes that the court must look to ORS chapter 12, which contains general provisions for the commencement and limitations of actions. First among those provisions, ORS 12.010 provides, "Actions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, except where a different limitation is prescribed by statute." Respondent assumes, without examination or authority, that the petition to confirm an arbitration award under ORS 36.615 and ORS 36.700 is just another "action" within the meaning of ORS 12.010. Respondent acknowledges that no Oregon reported case applies one of the statutes of limitation in ORS chapter 12 to a proceeding to confirm an arbitration award, but respondent posits that the petition to confirm the arbitration award "fits squarely" within ORS 12.080. Principally, he argues that the proceeding is an action upon the sales contract or a liability that is the arbitration award. In relevant part, ORS 12.080 provides, "An action upon a contract or liability, express or implied, *** shall be commenced within six years."[5]

Petitioner disputes that this particular proceeding is an action upon a contract, within the meaning of ORS 12.080, because his contract claim is already resolved in arbitration. In his view, this proceeding is akin to a matter upon which a judgment has "already been obtained." Therefore, he first posits that the proceeding falls within ORS 12.140, which provides, "An action for any cause not otherwise provided for shall be commenced within 10 years." Alternatively, he suggests that the proceeding should be treated as one subject to ORS 12.070, which provides, "An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States *** shall be commenced within 10 years."

---

[5]  We reject without discussion respondent's argument that the proceeding is an action upon a liability created by the Uniform Arbitration Act or is an action for interference or injury to real property. ORS 12.080(2), (3).

We agree with the parties that the Uniform Arbitration Act contains no time limitation on filing a petition to confirm an award, but we question the assumption that a proceeding to confirm an arbitration award under ORS 36.615 and ORS 36.700 is just another action within the meaning of ORS 12.010 or within the scope of ORS chapter 12. That is an assumption that we cannot ignore. "In construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties." *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997).

A proceeding to confirm an arbitration award is not an action to resolve an undecided claim; it is a special statutory proceeding to enter judgment upon an arbitration award. *See Snider v. Production Chemical Manufacturing, Inc.*, 221 Or App 593, 598 n 1, 191 P3d 691 (2008), *aff'd*, 348 Or 257, 230 P3d 1 (2010) ("Arbitration proceedings are considered special statutory proceedings."). Parallel to ORS 12.010, which introduces how an action is commenced, ORS 36.615 independently provides how this special statutory proceeding is commenced—that is, by filing a petition and serving it in the manner provided by ORCP 7 D. That means that the petitioner does not commence an action by filing and serving a complaint as described in ORS 12.010 and ORS 12.020. A petition to confirm an arbitration award is a special statutory proceeding with its own procedures.

In *Brown v. Farrell; Farrell v. Brown*, 258 Or 348, 356, 483 P2d 453 (1971), the court rejected a challenge to the foreclosure of a mechanic's lien—a challenge that was founded on the standards for commencing an action under ORS 12.020. The court explained that the general statutes of limitations in ORS chapter 12 are intended only to apply to common law rights of action; they do not affect special statutory proceedings that may set up their own limitations. *Id.*; *see also Nickerson v. Mecklem*, 169 Or 270, 282, 126 P2d 1095 (1942) (It is a "fallacy" to assume the general statute of limitations applies to special statutory proceedings.); *cf. Reynolds Metals v. Rogers*, 157 Or App 147, 151, 967 P2d 1251 (1998), *rev den*, 328 Or 365 (1999) (a workers' compensation claim is not an "action" within the meaning of ORS 12.020 or ORS 12.140 but is separately governed by the Workers Compensation Act).

In this case, the petition to confirm an arbitration award does not commence an action to make certain an unresolved contract claim under ORS 12.080(1). Instead, the petition initiates a special statutory proceeding to enter a judgment upon an arbitration award that is already determined. As the parties recognize, the Uniform Arbitration Act provides no time limitation of its own as to when a party must seek to confirm an award. We may consider that omission to be significant. The legislature *did* provide an explicit time limitation within which an objecting party must seek to modify or vacate an award—that is, within 20 days of service of the petition to confirm. The legislature could have inserted a time limitation for confirmation, as it has done with other special statutory proceedings. *See Brown*, 258 Or at 356 (mechanic's liens); *Nickerson*, 169 Or at 282 (Corrupt Practices Act).

It is unsurprising that the parties offer no Oregon legislative history on a provision that does not exist. They do note that Oregon's Uniform Arbitration Act was adopted in 2003 and was modeled after the Revised Uniform Arbitration Act (2000) (RUAA). Or Laws 2003, ch 598; *see Snider*, 348 Or at 261, 266-67 (the 2003 legislation was sponsored by the Oregon State Bar, modeled on the RUAA, and offered to modernize Oregon's arbitration procedure). ORS 36.700, providing for a petition to confirm an award, is an elaboration on Section 22 of the RUAA.[6] It is notable that our legislature inserted into ORS 36.700 a 20-day time limit on objections to vacate or modify an award, but it did not insert a time limit on filing a petition to confirm an arbitration award.[7]

Petitioner points to the RUAA commentary that mentioned that *its* drafters considered but rejected the idea of a time limit on a petition to confirm. Those drafters commented:

---

[6] In its entirety, Section 22 of the RUAA provides:

"After a party to an arbitration proceeding receives notice of an award, the party may make a [motion] to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to Section 20 or 24 or is vacated pursuant to Section 23."

[7] Sections 23(b) and 24(a) of the RUAA contain a 90-day time limit on objections to the court to vacate or modify an arbitration award.

> "2. The Drafting Committee considered but rejected the language in FAA [the Federal Arbitration Act] Section 9 that limits a motion to confirm an award to a one-year period of time. The consensus of the Drafting Committee was that the general statute of limitations in a State for the filing and execution on a judgment should apply."

RUAA § 22 comment 2. We may consider commentary to a uniform act for the potential that it could reflect or infer legislative intent. *See Snider*, 348 Or at 267 (citing *Datt v. Hill*, 347 Or 672, 682, 227 P3d 714 (2010) (looking to the commentary to another uniform act that Oregon had adopted to determine the Oregon legislature's intent)).

Petitioner suggests that the comment lends support to his argument that a 10-year statute of limitations should apply. Petitioner suggests that something like the catch-all limitation of ORS 12.140 should apply. That statute provides, "An action for any cause not otherwise provided for shall be commenced within 10 years." Petitioner's suggestion, however, is flawed by the assumption, criticized above, that his proceeding to confirm an arbitration award is an ordinary action within the scope of ORS chapter 12 rather than a special statutory proceeding with its own procedures.

Respondent gives the RUAA comment a closer reading. Respondent recognizes that, when the RUAA drafters spoke of other states' limitations on "filing and execution of judgments," those drafters were referring to what we would recognize as ORS 18.180. In particular, ORS 18.180(3) provides, "Except as provided in ORS 18.180 to 18.190, judgment remedies for a judgment in a civil action expire 10 years after the entry of the judgment."[8] Although respondent points to ORS 18.180(3), respondent quickly disputes that it should apply. One of respondent's reasons is apt. By its terms, ORS 18.180(3) only applies to a "judgment," that is to say, a judgment already obtained. A petition to confirm an arbitration award *seeks* a judgment. The arbitration award is not itself already a judgment. *See* ORS 18.005(8) ("'Judgment' means the concluding decision of a court on one

---

[8] ORS 18.190 concerns certain spousal support judgments and is inapplicable. Before they expire, judgment remedies may be renewed by a certificate of extension under the terms and conditions of ORS 18.182.

or more requests for relief in one or more actions, as reflected in a judgment document."). Therefore, the omission of a time limit in ORS 36.700 within which to petition to confirm an arbitration award cannot default to ORS 18.180(3) concerning the time limitation on seeking remedies for an existing judgment. In other words, the comment to Section 22 of the RUAA points to a dead-end in Oregon's statutes. It cannot suggest legislative intent here.

We are left with a special statutory proceeding that specifically provides a time limit to request that the court vacate or modify an arbitration award but conspicuously omits a time limit within which to petition to confirm that award. Drafters of the RUAA considered but deliberately chose to omit a time limit, assuming some states' statutes on judgment remedies might apply. That possibility, however, is frustrated by the text of ORS 18.180(3). The Oregon legislature did not insert a time limit where the RUAA drafters omitted one. In this situation, we are reminded of our responsibility under ORS 174.010, which provides:

> "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

Consistent with that direction, we conclude that a petition to confirm an award initiates a special statutory proceeding that does not contain a limitation on the time period, after an arbitration award, within which the petition must be filed. Therefore, this proceeding was not subject to the six-year statute of limitations provided in ORS 12.080. The trial court erred in dismissing the petition to confirm petitioner's arbitration award.

Reversed and remanded.