Argued and submitted March 31, affirmed October 19, 2022

## FLOOR SOLUTIONS, LLC,
an Oregon limited liability company,
*Plaintiff-Appellant,*

*v.*

## Patrick JOHNSON,
an individual,
*Defendant-Respondent.*

### Multnomah County Circuit Court
19CV53363; A175297

520 P3d 902

Plaintiff appeals from a general judgment and supplemental judgment confirming an arbitration award. Plaintiff assigns error to the trial court's conclusion that the arbitration panel did not exceed its powers under ORS 36.705(1)(d). Plaintiff argues that the Court of Appeals should incorporate a "manifest disregard of the law" standard to interpret whether the arbitration panel exceeded its authority. *Held*: The trial court did not err. The Oregon legislature adopted the Revised Uniform Arbitration Act (RUAA), which rejected the "manifest disregard" standard, and did not codify the standard as a basis to vacate an arbitration award. Therefore, the court concluded that the legislature's intent was consistent with the RUAA drafters' intent and that the "manifest disregard of the law" standard is not a part of ORS 36.705(1)(d).

Affirmed.

Leslie G. Bottomly, Judge.

Darlene Pasieczny argued the cause for appellant. Also on the briefs were Timothy J. Resch and Samuels Yoelin Kantor LLP.

Cody Hoesly argued the cause for respondent. Also on the brief were Larkins Vacura Kayser LLP, and Grant T. Engray and Engrav Law Office, LLP.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals from a general judgment and supplemental judgment confirming an arbitration award. On appeal, plaintiff assigns error to the trial court's conclusion that the arbitration panel did not exceed its powers under ORS 36.705(1)(d) and confirmed the arbitration award. We affirm.

The following facts are undisputed. Plaintiff initially hired defendant as a salesperson and eventually promoted him to president and CEO. When plaintiff promoted defendant to president, the parties entered into an employment agreement setting forth the terms of defendant's employment. As relevant here, the employment agreement included an arbitration provision that stated:

> "Any dispute or claim that arises out of or that relates to this Agreement, or that relates to the breach of this Agreement, or to the existence, scope, or validity of this Agreement or the arbitration agreement, or that arises out of or that is based upon the employment relationship (including any wage claim, any claim for wrongful termination, or any claim based upon any statute, regulation, or law) *** shall be resolved by arbitration *** and judgment upon the award rendered pursuant to such arbitration may be entered in any court having jurisdiction thereof."

In June 2019, plaintiff terminated defendant's employment. Plaintiff represented that defendant committed theft and misconduct, misappropriated plaintiff's property, and breached his fiduciary duties to plaintiff. In December 2019, plaintiff filed a complaint in circuit court seeking a preliminary injunction enjoining defendant from competing with plaintiff, soliciting its customers, or disclosing its confidential information. Plaintiff also asserted breach of contract, breach of duty, and promissory estoppel claims. The trial court denied plaintiff's motion for preliminary injunction and granted the parties' stipulated motion to abate and transfer the matter to arbitration.

After a two-day arbitration, a three-member panel issued a Preliminary Arbitration Award for defendant. The panel concluded that plaintiff failed to prove that defendant

had breached the employment agreement and that plaintiff willfully withheld wages and made wrongful deductions from defendant's final paycheck. Plaintiff filed a Motion to Correct Miscalculation Regarding Penalty Wage and a Motion to Reconsider. Specifically, plaintiff disputed the panel's conclusions concerning the alleged breaches and the compensation, penalty wage, and attorney fee awards. The panel unanimously denied both motions and issued a final award confirming the preliminary award.

Plaintiff submitted a petition to the trial court to vacate the arbitration award under ORS 36.705(1)(d), contending that the panel had exceeded its authority. The trial court concluded that the panel acted within its authority, denied plaintiff's petition to vacate, and issued a general judgment with money award. The trial court subsequently issued a supplemental judgment concerning defendant's future commissions.

On appeal, plaintiff argues that the trial court erred in concluding that the panel did not exceed its powers within the meaning of ORS 36.705(1)(d). Specifically, in the first assignment of error, plaintiff asserts that a "manifest disregard of the law" standard is incorporated into ORS 36.705 (1)(d) as a reason to find that the arbitration panel exceeded its powers. Plaintiff argues that the panel "manifestly disregarded the law, and thus exceeded its powers" when it concluded that defendant did not breach his fiduciary duties and the employment agreement. In the second assignment of error, plaintiff asserts that the panel manifestly disregarded the law when it awarded defendant penalty wages that did not comport with ORS 652.150. In response, defendant argues that "manifest disregard" of the law is not a basis for concluding an arbitrator exceeded its powers under ORS 36.705(1)(d), and that the trial court lacked authority to vacate the arbitration award. For the reasons below, we agree with defendant and affirm.

We review a court's confirmation of an arbitrator's award and whether an arbitrator exceeded its powers for legal error. *Nieto v. City of Talent*, 295 Or App 625, 629, 436 P3d 82 (2019).

ORS 36.705(1)(d) provides, in relevant part, that a "court shall vacate an award made in the arbitration proceeding if * * * [a]n arbitrator exceeded the arbitrator's powers[.]" That provision applies in situations in which the arbitrator or arbitration panel arbitrates issues that were not included in the scope of arbitration in the relevant agreement. "The starting point in considering the extent of the arbitrator's powers is whether the parties agreed to arbitrate and, if so, the contours of the dispute that they agreed to arbitrate." *Couch Investments, LLC v. Peverieri*, 359 Or 125, 130, 371 P3d 1202 (2016); *see also McKeown v. McKeown*, 317 Or App 616, 625, 505 P3d 455 (2022) (holding that the parties' agreements define the disputes that may be arbitrated). If the issues that were arbitrated were within the scope of the parties' agreement, a court may not disturb an arbitration award. *Seller v. Salem Womens Clinic, Inc.*, 154 Or App 522, 527, 963 P2d 56, *rev den*, 328 Or 40 (1998). That remains true when the arbitrator misapplies the law, *Brewer v. Allstate Insurance Co.*, 248 Or 558, 561-62, 436 P2d 547 (1968), or is "ultimately wrong on the facts, and wrong on the law." *Seller*, 154 Or App at 525, 527. Thus, under Oregon law, "[t]he grounds for obtaining the vacation of an [arbitration] award are extremely narrow in comparison with the scope of review available to litigants in court." *Nieto*, 295 Or App at 629 (quoting *Vasquez-Lopez v. Beneficial Oregon, Inc.*, 210 Or App 553, 568, 152 P3d 940 (2007)).

Here, neither party disputes that the issues the panel arbitrated were included in the employment agreement's provisions. Normally that would be the end of the inquiry under ORS 36.705(1)(d). However, despite our consistently narrow construction of the statute, plaintiff argues that we must incorporate a standard of "manifest disregard of the law" to interpret whether the arbitration panel "exceeded their authority" under ORS 36.705(1)(d). We disagree. As we explain below, we conclude that ORS 36.705(1)(d) does not include a standard of "manifest disregard of the law."

The majority of federal circuit courts of appeals recognize manifest disregard of the law as a nonstatutory

ground for vacating commercial arbitration awards. *See* Revised Uniform Arbitration Act (RUAA) § 23(a) comment C2 (so explaining). An arbitration panel manifestly disregards the law when it commits gross legal error that is apparent on the face of the award and a court concludes that the panel knew the correct law but chose to ignore it. *Id*. Plaintiff argues that, despite Oregon law limiting the review of arbitration awards, what the arbitration panel did here rises to the level of manifest disregard of the law such that the panel exceeded its authority.

Whether the Oregon legislature intended to include "manifest disregard of the law" within the meaning of ORS 36.705(1)(d) is a question of statutory interpretation. Under ORS 174.010, we may ascertain a statute's meaning by "choosing from among competing definitions * * * or explicating the meaning of the terms in the enactment." *City of Salem v. Lawrow*, 233 Or App 32, 39, 225 P3d 51 (2009). However, we may not insert what has been omitted. ORS 174.010. Our analysis therefore begins with the statute's text and context and an examination of its legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

Plaintiff's primary source for the principle of "manifest disregard of the law" is the commentary to the RUAA. The Oregon legislature adopted the RUAA itself in 2003. Or Laws 2003, ch 598; *Snider v. Production Chemical Manufacturing, Inc.*, 348 Or 257, 267-68, 230 P3d 1 (2010). RUAA § 23(a) and ORS 36.705(1) are virtually identical. *Compare* RUAA § 23(a), *and* Or Laws 2003, ch 598, § 23(1), *and* ORS 36.705(1). Therefore, we consider the commentary to the RUAA a part of our statute's legislative history for its potential to "reflect or infer legislative intent." *Myhre v. Potter*, 318 Or App 391, 400-01, 507 P3d 772 (2022); *Livingston v. Metropolitan Pediatrics, LLC*, 234 Or App 137, 143-44, 227 P3d 796 (2010).

When the drafters of a model act are "aware" of different approaches to a statutory scheme and select one approach, we may conclude that the drafters "deliberately chose" to omit the others from the statute. *Elk Creek Management Co. v. Gilbert*, 353 Or 565, 579, 303 P3d 929 (2013).

Here, we conclude that the RUAA drafters "deliberately chose" to omit the "manifest disregard of the law" standard as a basis to vacate arbitration awards. In that commentary, the drafters explicitly recognized the existence of the standard. RUAA § 23 comment C2. However, rather than leaving it open, they identified several problems with the standard. The drafters acknowledged that the Federal Arbitration Act (FAA) omitted the standard, creating a "significant question of possible FAA preemption of such a provision." RUAA § 23 comment C5. They also noted that case law interpreting the "manifest disregard" standard "is not just unsettled but also is conflicting and indicates further evolution in the courts." *Id.* Indeed, when presented with the opportunity to include the "manifest disregard" standard in the model act, the committee rejected it. *See id.* ("A motion to include the ground of 'manifest disregard' in Section 23(a) was defeated by the Committee of the Whole ***.").

Because the Oregon legislature adopted the RUAA and did not codify the "manifest disregard" standard as a basis to vacate an arbitration award, *see* Or Laws 2003, ch 598, § 23, we conclude that the legislature's intent was consistent with the RUAA drafters' intent. *See Elk Creek Management*, 353 Or at 580. Contrary to plaintiff's characterization that the RUAA commentary "should be considered part of the Oregon legislature's intent to keep the door open" to further interpretation, we determine that both the commentary and Oregon's adoption of the model act demonstrate a deliberate choice not to include the standard. We therefore decline to insert the "manifest disregard" standard where it was omitted.

One final point needs addressing. Both the Supreme Court and our court have recognized a narrow exception to the bar on trial court review of issues that were covered in the arbitration agreement. That exception exists when the arbitrator or arbitration panel makes "certain legal or factual errors [that are] so egregious so as to be said to 'exceed [] the arbitrator's powers,'" and those errors are "so grossly erroneous as to strike at the heart of the decision-making process." *3000 Investment Corp. v. Teed*, 313 Or App 619, 620, 494 P3d 378 (2021) (quoting *Brewer*, 248 Or at 561-62

(brackets in original)). Neither our court, nor the Supreme Court, has yet been presented with a situation in which we have concluded that that standard was met. Instead, our caselaw has addressed the broad scope of what does *not* qualify under that standard. *Native Sun v. L & H Development, Inc.*, 149 Or App 623, 629-30, 944 P2d 995 (1997), *rev den*, 327 Or 82 (1998). And our caselaw has explicitly established a principle of limiting judicial control of arbitration awards "to the strictest possible limits." *Brewer*, 248 Or at 562.

Plaintiff does not argue that the grossly erroneous exception applies in this case, only that the presence of that exception in our caselaw suggests that "manifest disregard of the law" is also available in Oregon. We disagree. As we explained above, whether "manifest disregard of the law" is incorporated into ORS 36.705(1)(d) is a question of statutory interpretation. Plaintiff does not explain how the exception has any bearing on how we interpret ORS 36.705(1)(d) given that the exception was established in 1968 and therefore predates both the RUAA and adoption of the statutory analysis framework in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) and *Gaines*, 346 Or at 171-72.

In sum, ORS 36.705(1)(d) does not incorporate a "manifest disregard of the law" standard as a basis to find that an arbitrator or arbitration panel exceeded its authority. Because we hold that "manifest disregard of the law" is not part of ORS 36.705(1)(d), we do not address plaintiff's remaining arguments and second assignment of error. Neither party disputes that the issues that were arbitrated were covered in the parties' employment agreement, and plaintiff does not argue for application of the "grossly erroneous" exception. Accordingly, the arbitration panel did not exceed its authority as that phrase is defined in ORS 36.705(1)(d). Therefore, the trial court did not err in confirming the arbitration award.

Affirmed.